ÁNGEL LÓPEZ SANTOS y OTROS, peticionarios y apelados, *v.* ASOCIACIÓN DE TAXIS DE CAYEY, opositores y apelantes.

*Número:* AA-96-16          *Resuelto:* 16 de diciembre de 1996

110

*Manuel García Siverio*, abogado de la parte apelante; *José Abreu Santiago* y *Edgardo A. Albelo Matos*, abogados de la parte apelada.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

Ya desde mediados de siglo concluíamos que "[no] puede decirse que existe una verdadera audiencia pública cuando [el organismo administrativo], o uno de sus miembros, solicita y obtiene evidencia secreta que destruya o modifique el efecto de la evidencia públicamente presentada, sin dar oportunidad a las partes interesadas para conocer, explicar o rebatir esa evidencia secreta". *Escudero v. Junta Salario Mínimo*, 66 D.P.R. 600, 602 (1946).

A la luz de este pronunciamiento, evaluamos la validez de los procedimientos seguidos por la Comisión de Servicio Público (en adelante la Comisión) al disponer de la solicitud presentada por los aquí apelados, Angel López Santos *et al.*, para requerir autorización y ofrecer servicio de taxi en todo el Municipio de Cayey.

II

En 1990, un grupo de porteadores públicos solicitó de dicha comisión la conversión de sus permisos para ofrecer transportación pública en la ruta de Río Piedras a Cayey a unos de servicio de taxi en el Municipio de Cayey (en adelante Municipio). La Asociación de Taxis de Cayey (en ade-

lante Asociación)(¹) solicitó intervención en el trámite administrativo y oportunamente se opuso a lo solicitado. Entre 1992 y 1995 la Comisión celebró varias audiencias en las cuales las partes presentaron prueba en apoyo de sus respectivas posiciones. Sometieron estudios realizados sobre la necesidad de la ampliación del servicio de taxi en el Municipio. Por su parte, la Comisión realizó un estudio adicional que concluyó no recomendar la concesión adicional de franquicias de taxi.

El 27 de septiembre de 1995 la Comisión emitió una resolución y orden mediante la cual concedió a cuatro (4)(²) peticionarios la autorización para operar taxis en el Municipio. Condicionó los permisos a que operaran sus unidades *exclusivamente* desde una estación a ser creada en el Centro Comercial Pérez Hermanos y, así, no perjudicar a la Asociación que operaba desde una estación en el centro del pueblo.

La Asociación pidió reconsideración de la determinación administrativa, la que fue acogida por la Comisión. Transcurrido el plazo de noventa (90) días, dispuesto en el Art. 6 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2165, sin que la Comisión resolviera la reconsideración, perdió jurisdicción sobre la controversia. Oportunamente presentaron apelación ante este Foro.

Como *único* error discuten que la decisión del foro administrativo violó el debido proceso de ley,(³) pues la concesión de los permisos se fundó en prueba que *no constaba en*

---

(¹) Al momento de los hechos, la Asociación de Taxis de Cayey estaba compuesta por los propietarios de catorce (14) franquicias de taxi, quienes operaban sus unidades desde una estación adyacente a la plaza de ese pueblo.

(²) Son ellos, Angel López Santos, Víctor M. Gutiérrez, Jesús Rodríguez Torres y Miguel A. Torres Dávila.

(³) Pendiente la apelación interpuesta, mediante Resolución de 5 de marzo de 1996 la Comisión de Servicio Público eliminó las restricciones impuestas a los taxistas. Les autorizó a operar sus unidades desde cualquier lugar dentro de la municipalidad. En auxilio de nuestra jurisdicción, el 21 de marzo de 1996 dejamos sin efecto dicha resolución y mantuvimos las restricciones originalmente impuestas.

*el expediente* y que fue obtenida mediante entrevistas realizadas por el oficial examinador mientras estaba pendiente la adjudicación, y sin concederle la oportunidad de refutarla.

## III

La creación de diversas agencias administrativas y la delegación a éstas de poderes *cuasijudiciales* tuvo el propósito de proveer un sistema adjudicativo económico, rápido y práctico. *Srio. D.A.C.O. v. J. Condóminos C. Martí*, 121 D.P.R. 807, 821 (1988). Su fin último, claro está, es hallar la verdad y hacer justicia a las partes. *Pérez Rodríguez v. P.R. Park. Systems, Inc.*, 119 D.P.R. 634, 640 (1987). Se favorece que el proceso sea ágil y sencillo, y propicie su uso eficiente por las personas legas. *Henríquez v. Consejo Educación Superior*, 120 D.P.R. 194, 202 (1987); *López Vives v. Policía de P.R.*, 118 D.P.R. 219, 231 (1987).

Es principio establecido que el debido proceso de ley ofrece también protección contra la arbitrariedad administrativa. *Henríquez v. Consejo Educación Superior*, supra. Aunque en el pasado hemos reconocido que "[l]a norma de 'debido proceso de ley' no tiene en el campo del derecho administrativo la rigidez que se le reconoce en la esfera penal" (*A.D.C.V.P. v. Tribunal Superior*, 101 D.P.R. 875, 882 (1974)), sí requiere "un proceso justo y equitativo que respete la dignidad de los individuos afectados" (*López Vives v. Policía de P.R.*, supra, pág. 231). Después de todo, el debido proceso de ley encarna la esencia de nuestro sistema de justicia. Su prédica comprende los elevados principios y valores que reflejan nuestra vida en sociedad y el grado de civilización alcanzado. *Amy v. Adm. Deporte Hípico*, 116 D.P.R. 414, 420 (1985).

Entre las garantías que conforman el debido proceso de ley, la jurisprudencia ha reconocido: la concesión de vista previa, oportuna y adecuada notificación, de-

114

recho a ser oído, confrontarse con los testigos, presentar prueba oral y escrita en su favor y, finalmente, la presencia de un adjudicador imparcial. *Henríquez v. Consejo Educación Superior*, supra; *Ortiz Cruz v. Junta Hípica*, 101 D.P.R. 791, 795 (1973). La decisión administrativa ha de ser informada con conocimiento y comprensión de la evidencia. *A.D.C.V.P. v. Tribunal Superior*, supra, pág. 833. Finalmente, deben efectuarse determinaciones de hecho y consagrar los fundamentos para la decisión administrativa. *Rivera Santiago v. Srio. de Hacienda*, 119 D.P.R. 265, 274 (1987); *López v. Junta de Planificación*, 80 D.P.R. 646, 667 (1958). Estas garantías están reconocidas también en la Sec. 3.1 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2151.

IV

■ "Si algún principio es fundamental en el derecho administrativo es el de la exclusividad del expediente." (Traducción nuestra.) B. Schwartz, *Administrative Law*, 3ra ed., Boston, Ed. Little, Brown and Co., 1991, Sec. 7.13.

Una de las pocas excepciones a esta norma es la facultad conferida por la ley a los foros administrativos de "tomar conocimiento oficial de todo aquello que pudiera ser objeto de conocimiento judicial en los tribunales de justicia". 3 L.P.R.A. sec. 2163(d). Véanse: Regla 11(A) de Evidencia, 32 L.P.R.A. Ap. IV; *Guadalupe v. Saldaña, Pres. U.P.R.*, 133 D.P.R. 42 (1993). Al respecto, hemos reconocido que una agencia administrativa puede tomar conocimiento oficial "de sus propios récords relacionados con litigios previos, interrelacionados, entre las mismas partes". *J.R.T. v. Club Náutico*, 97 D.P.R. 386, 391 (1969).

La controversia ante nos es claramente distinguible. No se trata de que la Comisión haya tomado conocimiento oficial de sus propios expedientes, sino de la actuación del oficial examinador, quien con *posterioridad* a la vista soli-

citó y obtuvo mediante entrevistas información que constituyó el fundamento para la determinación administrativa. Así lo reconoce la propia Comisión en su resolución:

> 8. No obstante a lo antes expresado, la Examinadora en conjunto con otros funcionarios de la Comisión encontraron una serie de hallazgos que *resultaron como producto de visitas de campo, entrevistas y reuniones con los comerciantes de los principales centros comerciales de Cayey.*

La Comisión concluyó que el servicio de taxis era deficiente, que existían áreas mejor servidas, que había carencia de taxis en los centros comerciales y, finalmente, que se incurría en la práctica de llevar más de un pasajero a un lugar y cobrarles individualmente.

Una vez concluida la vista evidenciaria, para adjudicar, la Comisión no podía considerar *ex parte* prueba desconocida para las partes, la que, de hecho, no pudieron refutar. Esa actuación administrativa vulneró principios elementales del debido proceso de ley.

A igual solución arriban los comentaristas. En su reputada obra, el Profesor Demetrio Fernández expone:

> El principio de exclusividad del récord constituye el obstáculo insuperable que impide que el examinador, juez administrativo o la agencia tenga contactos o comunicaciones *ex-parte* que se tomen en consideración para rendir la decisión. Se diluye todo el sentido de justicia si una parte desconoce la evidencia que se ha usado en su contra. Es decir, si no se le concede a la parte la oportunidad de confrontarse con esa evidencia y de responder a ella, se le violan las garantías fundamentales. El proceso queda desprovisto mediante esa actuación de los derechos a presentar evidencia, a una adjudicación imparcial y a que su decisión se base en el récord o expediente. D. Fernández, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme,* Colombia, Ed. Forum, 1993, págs. 199–200.

■ "Solamente cuando la determinación administrativa se fundamenta en el expediente de la vista, se garantiza a las partes la oportunidad de presentar su caso y más importante, la oportunidad de confrontar y refutar la

prueba de la parte contraria." (Traducción nuestra.) Schwartz, *op. cit.*, Sec. 7.13, pág. 397. Véase, además, 2 *Davis, Administrative Law Treatise* Sec. 8.4.

■ En síntesis, reconocido el hecho de que la determinación de la Comisión se fundó en prueba que no constaba en el expediente, obtenida ex parte, sin concederle oportunidad a las partes de examinarla y rebatirla, no puede su dictamen prevalecer. *Corporación Azucarera v. Junta Azucarera*, 77 D.P.R. 397, 410–411 (1954); *Escudero v. Junta Salario Mínimo*, 66 D.P.R. 600, 602 (1946).

■ Repetimos, "[el] derecho a una vista pública no tendría sentido alguno si se permitiera [al organismo administrativo] fundar su decisión en evidencia recibida sin el conocimiento de las partes, fuera de la audiencia, sin dar a las partes interesadas la oportunidad de rebatirla o explicarla mediante la repregunta o la presentación de otra evidencia en contrario". *López v. Junta de Planificación*, supra, pág. 670.

Por los fundamentos antes expuestos, *se dictará sentencia para anular la Resolución y se devuelve el caso a la Comisión de Servicio Público para ulteriores procedimientos.*

El Juez Asociado Señor Hernández Denton concurrió con el resultado sin opinión escrita.