Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| HIRAM TORRES MONTALVO en su carácter como Secretario Designado del DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR; Suleika Sánchez Pérez<br><br>Apelado<br><br>v.<br><br>EURIBIADES CABRERA CASTILLO h/n/c GARAJE LAS PALMAS<br><br>Apelante | KLAN202300426 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV02324 (904)<br><br>Sobre: Petición para hacer cumplir orden, (DACO-Ley Núm. 5 del 3 de abril de 1973, 3 LPRA 341e (I)) |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Álvarez Esrnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de julio de 2023.

Comparece el señor Euribiades Cabrera Castillo h/n/c Garaje las Palmas ("Apelante" o "señor Cabrera Castillo") mediante *Apelación Civil,* presentada el 12 de mayo de 2023. Nos solicita que revoquemos la *Sentencia* emitida y notificada el 20 de abril de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Por virtud de esta, el foro *a quo* declaró *Ha Lugar* una *Solicitud para Hacer Cumplir Orden* que presentó el Departamento de Asuntos al Consumidor ("DACo" o "Apelado"). En consecuencia, ordenó al Apelante a pagar la suma de $4,055.26, más la suma adicional de $500.00 en honorarios de abogado.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Sentencia* apelada.

Número Identificador

SEN2023_____

**I.**

Surge del expediente de autos, que el 25 de octubre de 2022, el DACo emitió y notificó una *Resolución[1]* en la cual declaró *Ha Lugar* la reclamación que presentó la señora Suleika Sánchez Pérez ("Apelada" o "señora Sánchez Pérez") en contra del señor Cabrera Castillo. Cónsono con lo anterior, el DACo, dentro del término improrrogable de treinta (30) días, ordenó al Apelante a pagar la suma de $4,055.26 a la señora Sánchez Pérez.

Ante el incumplimiento del señor Cabrera Castillo, el 15 de marzo de 2023, el DACo presentó una *Petición Para Hacer Cumplir Orden[2]* ante el foro *a quo* en la cual esbozó que la *Resolución* dictada por dicha agencia había advenido final y firme. No obstante, el Apelante no cumplió con lo ordenado.

Así las cosas, el 16 de marzo de 2023, el foro *a quo* emitió y notificó una *Orden de Mostrar Causa.[3]* En específico, ordenó al señor Cabrera Castillo a mostrar causa por la cual no debía dictar sentencia en su contra por el incumplimiento con la *Resolución* emitida el 25 de octubre de 2022 por el DACo.

En cumplimiento con la Orden del 12 de abril de 2023 emitida por el foro primario, el Apelante presentó *Moción en Cumplimiento de Orden y Solicitud de Remedio[4]*. Arguyó, que la *Resolución* del DACo adolecía de vicios sustanciales en el proceso de notificación que impedía la ejecución. Sostuvo que, DACo omitió informar el medio utilizado para notificar la *Resolución*, y que tampoco presentó evidencia con relación a la notificación. Adujo, que dicha omisión impedía calcular el término que tenía para solicitar reconsideración ante la Agencia, y así determinar si la notificación fue adecuada. De igual forma, esbozó que, por el tipo de negocio que este tiene, recibe

---

[1] Véase apéndice del recurso de Apelación, págs. 3-11.
[2] Véase apéndice del recurso de Apelación, págs. 1-2.
[3] Véase apéndice del recurso de Apelación, págs. 12-13.
[4] Véase apéndice del recurso de Apelación, págs. 14-17.

numerosos correos electrónicos. En lo pertinente, arguyó que no logró identificar que la aludida notificación provenía del DACo. Por último, sostuvo que para que la notificación sea adecuada, al menos, tiene que contar con un apercibimiento de que la misma proviene del DACo. Por todo lo anterior, solicitó que se ordenara al DACo a producir evidencia del correo electrónico enviado, en el cual se notificó la fecha de la vista y la notificación de la *Resolución* emitida el 25 de octubre de 2022.

Por otra parte, el 19 de abril de 2023, el DACo presentó *Moción en Cumplimiento de Orden*[5] en la cual presentó como evidencia la tarjeta de presentación del señor Cabrera Castillo, la cual formaba parte del expediente de la querella e indicaba la dirección de correo electrónico de este. Incluyó, además, copia de la citación de la vista administrativa, evidencia del mensaje de correo electrónico mediante el cual el DACo le notificó al Apelante la aludida vista, copia de la *Resolución* final dictada por el DACo y copia del correo electrónico mediante el cual fue notificada dicha *Resolución.*[6]

Para la misma fecha, el Apelante presentó *Moción en Cumplimiento de Orden,*[7] en la cual esbozó que la citación para la vista en los méritos se realizó por correo electrónico, sin notificar que el remitente del correo era del DACo. Enfatizó que, cuando se envió dicha notificación provenía de Microsoft Outlook y se identificaba el nombre de Viviana Lebrón Rivera, sin hacer referenciaal DACo. Consecuentemente, señaló que la notificación era defectuosa toda vez que no apercibió al señor Cabrera Castillo

---

[5] Véase apéndice del recurso de Apelación, págs. 18-19 y 32-39. El 12 de abril de 2023, notificada el 13 de abril de 2023, el foro primario emitió *Resolución* en la cual ordenó al DACo a replicar la *Moción en Cumplimiento de Orden y Solicitud de Remedio* que presentó el Apelante el 12 de abril de 2023. Véase, Entrada Núm. 7 del Sistema Unificado de Manejo y Administración de Caso (SUMAC).
[6] Véase, Alegato del DACo. Véase, Entrada Núm. 10 del SUMAC.
[7] Véase apéndice del recurso de Apelación, págs. 20-23. El 19 de abril de 2023, el foro primario emitió y notificó *Resolución* en la cual ordenó al Apelante a replicar. Véase, Entrada Núm. 11 de SUMAC.

que la misma provenía del DACo. Ante este escenario, solicitó que se ordenara al DACo a señalar una nueva vista administrativa.

Luego de examinar los argumentos esgrimidos por las partes, el 20 de abril de 2023, el foro *a quo* emitió y notificó la *Sentencia*[8] apelada. Por virtud de esta, declaró *Ha Lugar* la petición del DACo, concluyendo que la *Resolución* emitida por el DACo se había notificado adecuadamente y esta había advenido final y firme. En específico, el foro primario determinó lo siguiente:

> El correo electrónico utilizado para llevar a cabo las notificaciones, tanto de la vista administrativa como de la Resolución emitida por DACO, contiene todo lo necesario para entender que el mismo proviene de una agencia del Gobierno de Puerto Rico. **El correo cuyo nombre aparece como Viviana Lebrón Rivera está claramente identificado vlebron@daco.pr.gov**. Al presionar en el nombre identificado, aparece el nombre del usuario y del dominio. Nos es necesario abrir un correo electrónico para asegurarse de donde proviene. [...] No es correcta la alegación de falta de notificación adecuada por el hecho de que el recipiente haya decidido no abrirlo. Si bien es cierto que las personas pueden decidir qué correos o mensajes abrir, no es menos cierto que deberán asumir los riesgos que conlleve la decisión tomada. **El correo electrónico utilizado para hacer las notificaciones garajelaspalmas@gmail.com pertenece al Peticionado, las notificaciones se realizaron a través de dicha dirección electrónica y, no hay evidencia de un Informe de no entrega (DNR) o mensaje de rebote**, por lo que, presumimos y concluimos que las notificaciones llegaron a su destino y son oportunas y adecuadas. (Énfasis nuestro).

En desacuerdo, el 2 de mayo de 2023, el señor Cabrera Castillo presentó *Solicitud de Reconsideración.*[9] Alegó que, la Regla 28 del Reglamento Núm. 8034, también conocido como "*Reglamento de Procedimientos Adjudicativos"*, ("Reglamento Núm. 8034") establecía que la notificación del DACo debía efectuarse por correo regular, y la excepción era que se remitiera por correo electrónico o fax, solo si las partes lo habían solicitado por escrito. Razonó que, conforme a la Regla 28 del Reglamento Núm. 8034, *supra,* era el DACo quien tenía el peso de la prueba de demostrar que la parte había renunciado por escrito a la notificación mediante correo

---

[8] Véase apéndice del recurso de Apelación, págs. 23-25.
[9] Véase apéndice del recurso de Apelación, págs. 26-30.

regular. Asimismo, planteó que el debido proceso de ley exigía a las agencias administrativas que tenían que notificar adecuadamente los dictámenes emitidos en los procesos adjudicativos. A los fines de que se notificara conforme a derecho, solicitó la reconsideración de la *Sentencia.*

El 3 de mayo de 2023, el foro *a quo* emitió y notificó *Resolución*[10] en la cual declaró *No Ha Lugar* la *Solicitud de Reconsideración.*

Inconforme aún con el dictamen, el 12 de mayo de 2023, el Apelante compareció ante nos y formuló los siguientes señalamientos de error:

> PRIMER ERROR: Erró el TPI al determinar que la notificación hecha por el DACO fue adecuada a pesar de que la propia evidencia presentada por DACO demuestra lo contrario.
>
> SEGUNDO ERROR: Erró el TPI al no aplicar el Reglamento 8034 del DACO, cuando este concede garantías mayores a la parte adversamente afectada por la Resolución dictada que la garantías mínimas establecidas por la Ley de Procedimiento Adjudicativo Uniforme (LPAU)
>
> TERCER ERROR: Erró el TPI al colocar el peso de la prueba sobre la parte apelante, requiriéndole demostrar que el DACO no notificó adecuadamente cuando la ley y reglamento requieren que sea la agencia quien notifique cumpliendo con las garantías mínimas procesales.

El 17 de mayo de 2022, esta Curia emitió *Resolución* en la que le concedió un término de treinta (30) días a DACo para que expusiera su oposición al recurso. El 22 de junio de 2023, el DACo presentó *Alegato.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso de autos.

**II.**

La Ley Núm. 38 de 30 de junio de 2017, según enmendada y mejor conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* ("LPAU"), 3 LPRA sec. 9601 *et*

---

[10] Véase apéndice del recurso de Apelación, pág. 31.

*seq.,* otorgó a las agencias administrativas el poder de ejercer funciones adjudicativas conforme a los poderes delegados. Por ello tienen la autorización para interferir con los intereses de libertad y propiedad de los individuos, por lo que se les ha extendido las garantías mínimas del debido proceso de ley. *Báez Díaz v. ELA*, 179 DPR 605, 633 (2010). A tales fines, a los procesos que involucran la adjudicación administrativa se les ha reconocido las siguientes garantías: (1) **notificación adecuada del proceso**; (2) proceso ante un juzgador imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de abogado; y (6) que la decisión se base en el récord. *Gutiérrez Vázquez v. Hernández y otros*, 172 DPR 232, 245-246 (2007); *López y otros v. Asoc. de Taxis de Cayey*, 142 DPR 109, 115-116 (1996).

En virtud de lo anterior, la Sección 3.2 de la LPAU, *supra,* establece que las agencias podrán usar medios de correspondencia electrónica, **en sustitución o como complemento al correo ordinario,** durante cualquier parte del procedimiento adjudicativo, salvaguardando en todo momento el derecho a notificación oportuna de los cargos o querellas, reclamos o alegaciones de las partes. 3 LPRA sec. 9642.

En específico, la sección 3.9 de la LPAU, *supra,* con relación a la notificación de la vista administrativa dispone que:

> [l]a agencia notificará por escrito a todas las partes o a sus representantes autorizados e interventores la fecha, hora y lugar en que se celebrará la vista adjudicativa. La notificación de la vista se deberá efectuar por correo, **ordinario o electrónico,** o personalmente con no menos de quince (15) días de anticipación a la fecha de la vista, excepto que, por causa debidamente justificada consignada en la notificación, sea necesario acortar dicho período. 3 LPRA sec. 9649. (Énfasis nuestro).

Este término es uno de cumplimiento estricto, que las agencias administrativas tienen que observarlo y los tribunales tienen que hacerlo valer. Cabe señalar, que el propósito de esta

disposición es permitir que las partes se preparen adecuadamente para la vista administrativa. *Gutiérrez Vázquez v. Hernández y otros*, 172 DPR 232, 246 (2007).

De otra parte, la sección 3.14 de la LPAU, *supra,* establece que:

> [l]a Agencia deberá notificar las órdenes o resoluciones finales con copia simple **por correo ordinario o electrónico a las partes**, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma. 3 LPRA sec. 9654. (Énfasis nuestro).

De otro lado, el 14 de junio de 2011, el DACo aprobó el Reglamento Núm. 8034, también conocido como *"Reglamento de Procedimientos Adjudicativos"*, ("Reglamento Núm. 8034"). En lo pertinente, la Regla 28 dispone lo siguiente:

> 28.1  [...] Toda notificación se llevará a cabo mediante el envío de una copia del escrito por correo a las partes o sus representantes, a las direcciones postales que hayan informado. La notificación por correo puede ser sustituida por notificación personal o por transmisión electrónica, digital mediante correo electrónico y tele-copiador (fax) cuando así las partes lo soliciten por escrito y el Departamento tenga los recursos disponibles. El Departamento vendrá obligado a notificar toda orden, resolución u otra actuación oficial a todas las partes que hayan comparecido en el procedimiento administrativo.

> 28.2  Cuando se solicite la notificación de la querella o cualquier otro documento mediante correo electrónico o tele-copiador (fax) se renuncia a la notificación mediante correo ordinario. Sin embargo, el Departamento podrá notificar un documento por correo ordinario cuando existan problemas técnicos de transmisión o los documentos a enviarse sean extensos. La fecha y hora en la confirmación de envío al tele-copiador (fax) receptor solicitado, será la evidencia de haberse notificado los documentos.

### III.

En el presente caso, el Apelante solicita nuestra intervención para que revoquemos la *Sentencia* emitida y notificada por el foro *a quo* el 20 de abril de 2023, en la cual se declaró *Ha Lugar* una *Solicitud para Hacer Cumplir Orden* que presentó DACo. En consecuencia, ordenó al señor Cabrera Castillo a pagar la suma de $4,055.26, más la suma adicional de $500.00 en honorarios de

abogado. En su primer señalamiento de error, argumentó el Apelante que erró el foro primario al determinar que la notificación fue adecuada a pesar de que la evidencia presentada demostraba lo contrario. Además, planteó que erró el foro *a quo* al no aplicar el Reglamento Núm. 8034, *supra,* el cual proveía garantías mayores a la parte adversamente afectada. Por último, señaló que incidió el foro primario al colocar el peso de la prueba en el Apelante requiriéndole demostrar que el DACo no notificó adecuadamente. *Veamos.*

Conforme al derecho que antecede, a las agencias administrativas se les otorgó el poder de ejercer funciones adjudicativas. A tales fines, los procesos que involucran adjudicación administrativa deben cumplir con la garantía de notificación adecuada del proceso. En virtud de lo anterior, la Sección 3.2 de la LPAU, *supra,* establece que las agencias podrán usar medios de correspondencia electrónica, en sustitución o como complemento al correo ordinario, durante cualquier parte del procedimiento adjudicativo. 3 LPRA sec. 9642. En específico, la notificación de la vista se deberá efectuar por **correo, ordinario o electrónico, o personalmente con no menos de quince (15) días de anticipación a la fecha de la vista**, excepto por causa debidamente justificada. 3 LPRA sec. 9649. Por otra parte, la agencia deberá **notificar las órdenes o resoluciones finales con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos**. 3 LPRA sec. 9654.

Según surge del expediente ante nuestra consideración, el DACo presentó documento intitulado *Petición Para Hacer Cumplir Orden* ante el foro *a quo,* a los fines de requerir el cumplimiento con la *Resolución* dictada por el DACo. Por su parte, el señor Cabrera Castillo arguyó que la *Resolución* adolecía de vicios en la notificación. Sostuvo que, la notificación no apercibía que provenía

del DACo, sino de Viviana Lebrón Rivera. Ante este escenario, el foro primario declaró *Ha Lugar* la petición instada por el DACo toda vez que la *Resolución* se había notificado adecuadamente. Sobre el particular, el foro *a quo* determinó que la notificación contenía todo lo necesario para entender que provenía de una agencia del Gobierno de Puerto Rico.

Hacemos constar que discutiremos el primer y segundo señalamiento de error en conjunto por estar estrechamente relacionados entre sí. Coincidimos con el foro *a quo* en que la notificación, tanto de la vista como de la *Resolución* emitida por el DACo, contenía todos los elementos necesarios para determinar que se llevó a cabo conforme a derecho. A esos efectos, el DACo presentó evidencia de la tarjeta de presentación del Apelante, la cual indicaba su correo electrónico. Además, DACo presentó copia de la notificación de la citación a la vista administrativa, mediante la cual se certifica el envío al correo electrónico del señor Cabrera Castillo señalado en la aludida tarjeta de presentación y que obra en el expediente de autos. En apoyo, incluyó además copia del correo electrónico enviado por DACo al Apelante, en el cual se le notificó la citación de dicha vista. Cabe destacar que dicho correo electrónico dispone en el título ("Subject") el número de querella en DACo, que fue remitido por Viviana Lebrón Rivera y contiene como anejo ("Attachment") la *Notificación Vista Administrativa (Querella) SAN 2022 00114662*. Por último, DACo presentó copia de la *Resolución* final emitida, la cual, de igual forma contiene en el título ("Subject") el número de querella en DACo, que fue remitido por Viviana Lebrón Rivera y como anejo ("Attachment") la *Resolución SAN 2022 0011466*. Nótese que además de la prueba documental antes esbozada provista por el DACo, dicha agencia esbozó que, al presionar el nombre de Viviana Lebrón Rivera, remitente del correo

electrónico por parte del DACo, aparece el usuario y dominio de vlebron@daco.pr.gov.

No empecé a la evidencia presentada por el DACo, el Apelante arguyó que no fue debidamente notificado, a pesar de admitir ante el foro primario que no recibió un correo de no entrega o rebote. Luego de evaluar los planteamientos esbozados, y el expediente de autos, colegimos con el foro primario en que la notificación no fue defectuosa.

Por otro lado, nos corresponde dilucidar si erró la Apelada al notificar únicamente mediante correo electrónico, la citación y la Resolución emitida por el DACo. La LPAU, ley que rige los procedimientos administrativos, establece que las notificaciones pueden realizarse mediante **correo regular, electrónico o notificación personal**[11]. La ley es clara y no dispone un método en específico, ni requiere autorización alguna de las partes o la agencia para la utilización del mismo, contrario a lo que arguye el Apelante amparándose en el Reglamento Núm. 8034 del DACo, promulgado con anterioridad a la aprobación de la LPAU. Conforme a derecho, lo esencial es que se efectúe la notificación y la misma cumpla con los requerimientos y apercibimientos correspondientes para que se cumpla con el debido proceso de ley.

Cabe señalar, que el DACo presentó los documentos demostrativos necesarios para acreditar que las notificaciones fueron adecuadas y que las mismas cumplen con los requisitos dispuestos en ley. En contrario, el Apelante no proveyó prueba alguna que rebatiera la prueba presentada y nos pusiera en posición para revocar la determinación del foro primario.

Por último, en cuanto al tercer señalamiento de error, este foro revisor no atenderá los méritos del reclamo del Apelante en el

---

[11] 3 LPRA sec. 9642.

aludido señalamiento de error debido a que dicha controversia no fue atendida por el foro *a quo*. De igual forma, el señor Cabrera Castillo no presentó transcripción de la prueba que nos permitiera determinar si el foro *a quo* invirtió el peso de la prueba y, en consecuencia, le requirió demostrar que la notificación del DACo no fue conforme a derecho.

**IV.**

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones