Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JAVIER CARRIÓN VÁZQUEZ<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | KLRA202400140 | *REVISIÓN JUDICIAL* procedente del Gobierno de Puerto Rico; Oficina de Libertad Bajo Palabra<br>_____<br>Caso Núm. 147840 Confinado Núm.: B7-21858<br><br>Sobre:<br><br>No Concesión del Privilegio de Libertad Bajo Palabra- Volver a Considerar |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de mayo de 2024.

Comparece ante nos el señor Javier E. Carrión Vázquez (señor Carrión Vázquez o recurrente) y nos solicita que revoquemos el *Resolución* emitida por la Junta de Libertad Bajo Palabra (en adelante Junta) el 18 de enero de 2024. Por medio del referido dictamen, la Junta determinó no concederle al señor Carrión Vázquez el privilegio de libertad bajo palabra.

Examinado el recurso presentado, así como el derecho aplicable, acordamos **revocar** el dictamen recurrido.

**-I-**

El señor Carrión Vázquez comenzó a cumplir una sentencia de ciento quince (115) años el 19 de agosto de

1998 por los delitos de asesinato en primer grado, robo, tentativa de robo y empleo de violencia o intimidación contra la autoridad pública. Cumple sentencia, además, por violación a la *Ley de Armas de 1951* e infracción a la *Ley para Establecer Restricciones al Uso de Teléfonos Celulares a Personas Confinadas en las Instituciones Penales de Puerto Rico*, Ley Núm. 15-2018. El recurrente extingue su sentencia, tentativamente, el 12 de julio de 2106.

En lo concerniente a la controversia de auto, el 18 de mayo de 2023, se rindió un *Informe Breve para Referir Casos de Sentencia por Delito Grave y Menos Grave ante la Junta de Libertad Bajo Palabra*.[1] En este informe, se detalló que el señor Carrión Vázquez se encuentra clasificado en custodia mínima desde el 15 de agosto de 2019. También se detalló que el recurrente completó el un programa varias terapias dirigidas a los patrones adictivos del señor Carrión Vázquez.[2] En el informe se detalló, además, que el recurrente contaba con plan de salida y amigo consejero. No obstante, el señor Carrón Vázquez no contaba con un plan de empleo y se le orientó sobre el cumplimiento de este requisito.

A esos efectos, el 2 de junio de 2023, la señora Ketty I. Rodríguez Melesio (señora Rodríguez Melesio) le remitió una carta a la Técnico Socio Penal del recurrente, la señora Vanessa Pagán De León (señora Pagán De León) mediante la cual solicitó ser la amiga consejera del recurrente en su proceso de libertad bajo palabra.[3] De igual forma, el 6 de junio de 2023, la compañía Imperial Solutions LLC remitió una

---

[1] Apéndice del Recurso, páginas 12-15.
[2] Apéndice del Recurso, página 15.
[3] Apéndice del Recurso, página 16.

Certificación de Empleo en la cual se detalló el puesto a ocupar y horario de trabajo para el señor Carrión Vázquez.[4]

Así las cosas, el 8 de septiembre de 2023, la TSS Dalia Pizarro Manso (TSS Pizarro Manso) emitió un *Informe de Libertad Bajo Palabra*.[5] Señaló la TSS Pizarro Manso que el recurrente propuso como plan de salida residir con su madre. Por ello, la TSS Pizarro Manso visitó la comunidad en la que el señor Carrión Vázquez propuso residir para obtener la opinión de los vecinos del área. Indicó la TSS Pizarro Manso que, en la comunidad, había pocos vecinos disponibles y que logró entrevistar a tres personas. Estas personas indicaron que no conocían al recurrente porque eran nuevos en el área, por lo que no quisieron emitir opinión al respecto.

Ante este cuadro, el 20 de diciembre de 2023, la Junta celebró la vista de consideración del privilegio de libertad bajo palabra para evaluar el caso de epígrafe. A esta vista comparecieron mediante sistema de videoconferencia, el señor Carrión Vázquez y la TSS Alexandra I. Rodríguez Rodríguez[6], quienes se encontraban en el Instituto Educativo Correccional 308 en Bayamón, Puerto Rico. Para esta vista, la TSS Alexandra I. Rodríguez Rodríguez tuvo el expediente social y criminal el recurrente ante sí. Además, compareció a las instalaciones de la Junta la representante legal del señor Carrión Vázquez, la Lcda. Maritza Luna de la Sociedad para Asistencia Legal. En la vista se evaluó toda la documentación que obra en el

---

[4] Apéndice del Recurso, página 17.
[5] Apéndice del Recurso, páginas 30-32.
[6] Esta compareció en sustitución de la señora Pagán De León, TSS encargada del caso.

expediente; entiéndase, los informes, evaluaciones y expedientes referidos por el Departamento de Corrección y Rehabilitación.

Finalmente, el 8 de enero de 2024, la Oficial Examinadora Lcda. Patricia Molina Vázquez emitió su *Informe de Oficial Examinador* en el cual esbozó las siguientes determinaciones de hechos:

1. Al momento de la evaluación del expediente, surge el peticionario no cuenta con casos ante los tribunales, denuncias o querellas institucionales.
2. Conforme se desprende del expediente, el peticionario se encuentra clasificado en custodia mínima desde el 15 de agosto de 2019.
3. **La parte peticionaria cuenta con un plan de salida estructurado y viable en sus tres áreas, entiéndase vivienda, amigo consejero y oferta de empleo.**
4. El 23 de agosto de 2023 le fue realizada la muestra de ADN, conforme lo requiere la Ley Núm. 175 del del 24 de julio de 1998, según enmendada, conocida como la *Ley del Banco de Datos de ADN de Puerto Rico*.
5. El 10 de noviembre de 2016 completó el tratamiento de Transformación de Patrones Adictivos.
6. Consta en el expediente que, el 31 de octubre de 2019, el peticionario fue evaluado por Salud Correccional y determinaron que no ameritaba servicios de salud mental.
7. El peticionario completó las *Terapias Individuales para el Desarrollo de su Capacidad de Resilencia y Apoderamiento* el 14 de agosto de 2017.
8. El 17 de abril de 2017 el peticionario completó el programa de Tratamiento Psico-Educativo Aprendiendo a Vivir sin Violencia, ofrecido por la Sección de Programa de Evaluación y Asesoramiento (SPEA). Del mismo modo, fue evaluado por SPEA y cuenta con el Informe de evaluación psicológica emitido el 26 de junio de 2023.
9. Según informado en la vista de consideración, el peticionario se encuentra cursando un grado Asociado en Mercadeo Digital en "Caribbean University".
10. En la vista de consideración, la tss Rodríguez informó que el peticionario se encuentra laborando en el programa de Teatro Correccional "Tú Decides". Este programa se dedica a educar a la juventud estudiantil y a la ciudadanía en general, sobre las conductas de riesgo para así evitar que incurran en conductas delictivas

en el futuro. Surge en el expediente del peticionario una carta suscrita el 15 de junio de 2023 por Elia Enid Canilla, Directora de dicho programa, en donde describe como excelente la participación y el desempeño del peticionario.

11. Consta en el expediente del peticionario que se ha beneficiado de varios adiestramientos y talleres como el de "Uso de la Computadora" y "Desarrollo Empresarial".

12. La tss Rodríguez recomienda que se le de la oportunidad al peticionario para el disfrute del privilegio de libertad bajo palabra.[7]

Concluyó la Lcda. Patricia Molina Vázquez que el recurrente reunía los requisitos para beneficiarse del privilegio de libertad bajo palabra. De manera que, se le concedió el privilegio de libertad bajo palabra.

El 18 de enero de 2024, la Junta emitió una *Resolución* en la cual determinó no concederle al señor Carrión Vázquez el privilegio de libertad bajo palabra.[8] Razonó la Junta que, a pesar de que el recurrente cumplía con los requisitos para beneficiarse del privilegio de libertad bajo palabra, éste no contaba con un hogar viable para el proceso de rehabilitación. Esto, debido a la proximidad del hogar de la madre del señor Carrión Vázquez y el hogar de los perjudicados. Por ello, la Junta resolvió no concederle al recurrente el privilegio de libertad bajo palabra.

Inconforme con la *Resolución* de la Junta, el señor Carrión Vázquez presentó una *Moción en Reconsideración de Resolución de Conceder Privilegio de Libertad Bajo Palabra* el 1 de febrero de 2024.[9] Arguyó el recurrente que el Departamento de Corrección y Rehabilitación corroboró debidamente la vivienda propuesta. Además, del informe se desprende que, luego de realizarse la

---

[7] Apéndice del Recurrente, páginas 33-39.
[8] Apéndice del Recurso, páginas 40-44.
[9] Apéndice del Recurso, páginas 45-52.

investigación, la vivienda propuesta resultó ser viable conforme a lo establecido en el reglamento aplicable.

El 16 de febrero de 2024, la Junta emitió una *Resolución* en la cual declaró No Ha Lugar la *Moción en Reconsideración* del señor Carrión Vázquez.[10]

Inconforme aún, el 1 de abril de 2024, el recurrente presentó el recurso ante nuestra consideración y alegó la comisión del siguiente error:

> **ABUSÓ DE SU DISCRECIÓN LA JUNTA DE LIBERTAD BAJO PALABRA (JLBP) AL NO CONCEDER EL PRIVILEGIO DE LIBERTAD A PRUEBA AL PETICIONARIO TOMANDO EN CONSIDERACIÓN EVIDENCIA *EX PARTE*, SIN QUE EL RECURRENTE PUDIERA CONFRONTAR O PRESENTAR EVIDENCIA DE REFUTACIÓN EN CRASA VIOLACIÓN AL DEBIDO PROCEO DE LEY, RESULTANO EN UNA DETERMINACIÓN QUE: (1) NO ESTÁ BASADA EN EXPEDIENTE, (2) NI ESTÁ BASADA EN EVIDENCIA SUSTANCIAL.**

En esencia, el señor Carrión Vázquez alega que la Junta no divulgó durante la vista de consideración la alegada proximidad entre las residencias. Alega el recurrente que dicha información no consta en los documentos de la investigación, ni en el informe del Programa a la Comunidad. Tampoco consta, según alega el recurrente, en el Informe de la Oficial Examinadora ni en los documentos que obran en el expediente del caso. Además, arguye el señor Carrión Vázquez que la Junta no le permitió refutar la evidencia relacionada a la proximidad de las viviendas ni a contrainterrogar sobre la distancia entre las residencias y por qué estas se consideran próximas. Alega el recurrente que tampoco se le permitió presentar prueba en contrario ni ofrecer alguna otra alternativa. Finalmente, el señor Carrión Vázquez alega que las acciones de la Junta constituyen

---

[10] Apéndice del Recurso, páginas 53-54.

una violación al debido proceso de ley establecido en el Reglamento de la Junta.

Por su parte, la Junta compareció el 17 de abril de 2024 mediante *Escrito en Cumplimiento de Resolución*. Arguye la Junta que, aun cuando el Reglamento de la Junta faculta al Oficial Examinador a permitir que los confinados peticionarios realicen contrainterrogatorios, esto no es un derecho reconocido por el Reglamento. La Junta agregó que cualquier contrainterrogatorio que se realice en la vista de consideración se limita a los testigos que estén presentes en la vista.

El 26 de abril de 2024, el señor Carrión Vázquez presentó una *Réplica urgente al Escrito en Cumplimiento de Orden* y esta Curia tomó conocimiento del mismo. Luego de examinar el expediente ante nuestra consideración, estamos en posición de resolver.

-II-

**A. La Revisión Judicial**

Es harto conocido que, en la revisión de las determinaciones administrativas finales, los tribunales apelativos estamos llamados a otorgarles una amplia deferencia por la experiencia y pericia que se presumen tienen estos organismos para atender y resolver los asunto que les han sido encomendados.[11] Sobre esto, el Tribunal Supremo de Puerto Rico ha reiterado que las determinaciones de los entes administrativos gozan de "una presunción de legalidad y corrección que los tribunales debemos respetar, **mientras la parte que las**

---

[11] *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021). Véase, *Accumail PR v. Junta Sub. AAA*, 170 DPR 821 (2007).

**impugna no presente la evidencia suficiente para derrotarla**".[12]

De manera que, la revisión judicial de las determinaciones administrativas se limita a revisar si la actuación de la agencia fue razonable, y solo cederá cuando: (1) **la determinación administrativa no está basada en evidencia sustancial**; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales.[13]

Así, al revisar la determinaciones e interpretaciones de una agencia administrativa, impera el criterio de razonabilidad.[14] Por lo que, únicamente intervendremos cuando el organismo recurrido haya actuado de una manera tan irrazonable que actuación constituya un abuso de discreción.[15]

Por otro lado, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, dispone que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.[16] De lo contrario,

---

[12] *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Énfasis suplido.
[13] *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 822 (2012). Énfasis suplido.
[14] *Super Asphalt v. AFI y otro*, *supra* en la pág. 820.
[15] *Super Asphalt v. AFI y otro*, *supra*.
[16] 3 LPRA sec. 9675.

las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.[17]

### B. Reglamento de la Junta

La Ley Núm. 118 de 22 de julio de 1974, según emendada, creó la Junta y la declaró como la agencia autorizada a "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico […]" para que cumpla la última parte de su sentencia fuera de la institución.[18] La libertad bajo palabra no es un derecho, sino un privilegio que se le concede a un confinado cuando sirva al mejor interés de la sociedad y propicie la rehabilitación moral y económica del individuo, según la sana discreción de la Junta.[19]

Para ejercer adecuadamente su discreción, la Junta aprobó el Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020 (Reglamento 9232). Este reglamento establece las normas procesales y sustantivas que gobiernan las funciones adjudicativas de la Junta e incorpora las disposiciones de los procedimientos adjudicativos estatuidos por la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico.[20]

El Artículo X del Reglamento 9232 establece los criterios que la Junta deberá considerar al evaluar la solicitud de libertad bajo palabra de un confinado. En particular, la Sección 10.1 detalla ciertos criterios de

---

[17] *Id*.
[18] 4 LPRA sec. 1501; 4 LPRA sec. 1503.
[19] Quiles v. del Valle, 167 DPR 458, 475 (2006); *Lebrón Pérez v. Alcaide, Cárcel de Distrito*, 91 DPR 567, 570-571 (1964); *Emanuelli v. Tribunal de Distrito*, 74 DPR 541, 549 (1953).
[20] 3 LPRA secs. 9601 *et seq*.

elegibilidad, entre los cuales se destaca la Sección 10.1(B)(7)(e)(iv):

> Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero
> iv. Para determinar si la vivienda propuesta es viable, la Junta considerara:
> > a. Las características personales e historial delictivo de las personas con las cuales convivirá el peticionario en la vivienda, y cómo el peticionario se relaciona con estos.
> > b. Opinión de la comunidad sobre la determinación de conceder el privilegio y las personas con las cuales convivirá el peticionario.
> > c. Condición de la planta física de la residencia y cantidad de habitantes de la misma.
> > d. **Si la residencia propuesta está relativamente cercana a la residencia de la víctima del delito.**
> > e. Si existe algún impedimento en ley para que el peticionario resida en la vivienda propuesta, excepto se encuentre incluido en el contrato de vivienda o certificación de la administración correspondiente.
> > f. Cualquier otra consideración que la Junta estime pertinente dentro de los méritos del caso individual.[21]

Por otro lado, el Artículo XI dispone la forma en la que llevaran a cabo los procedimientos ante la Junta. En específico, el inciso (C)(2) dispone que durante la vista, la Junta o el funcionario que presida estará facultado para "*[o]frecer a todas las partes la oportunidad de responder, presentar evidencia y argumentar, conducir, contrainterrogar y someter evidencia en refutación*". Mas adelante, en el inciso (I), el Reglamento 9232 establece que durante la vista se le garantizarán al peticionario o liberado lo derecho que se enumeran a continuación:

> 1. Derecho a comparecer por derecho propio o mediante representación legal. Cuando el

---

[21] Énfasis suplido.

> peticionario interese comparecer por derecho propio, deberá completar el formulario de "Renuncia de Representación Legal" provisto por la Junta.
> 2. Derecho a presentar evidencia a su favor.
> 3. Derecho a una adjudicación imparcial.
> 4. **Derecho a que la decisión sea basada en el expediente.**

### C. Debido Proceso de Ley

El debido proceso de ley es un derecho fundamental consagrado en el Artículo II, Sección 7 de la Constitución del Estado Libre Asociado de Puerto Rico, el cual establece que a todo ciudadano debe garantizársele el debido proceso de ley cuando se le intenta privar un derecho propietario o del derecho a la libertad o a la vida.[22]

Por otro lado, la norma de debido proceso de ley en el campo del derecho administrativo no tiene la rigidez que se le reconoce en la esfera penal.[23] En el ámbito administrativo, el debido proceso de ley no es un molde rígido que prive de flexibilidad a las agencias.[24] No obstante, se requiere que todo proceso sea uno justo, equitativo y que respete la dignidad de las personas afectadas.[25] De esta forma, el principio de debido proceso de ley ofrece protección contra la arbitrariedad administrativa.[26]

El debido proceso de ley en el ámbito administrativo lo conforman: 1) la notificación adecuada del proceso; 2) la oportunidad de ser oído; 3) el procedimiento ante un juzgador imparcial; 4) el derecho a contrainterrogar a los testigos y a examinar la

---

[22] Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1.
[23] *López y otros v. Asoc. de Taxis de Cayey*, 142 DPR 109, 113 (1996); *A.D.C.V.P. v. Tribunal Superior*, 101 DPR 875, 882 (1974).
[24] *López Vives v. Policía de P.R.*, 118 DPR 219, 230-231 (1987).
[25] *Báez Díaz v. E.L.A.*, 179 DPR 605, 623 (2010); *Torres v. Junta Ingenieros*, 161 DPR 696 (2004).
[26] *López y otros v. Asoc. de Taxis de Cayey*, supra, pág. 113.

evidencia presentada en su contra; 5) que la decisión se fundamente en la evidencia presentada y admitida; y 6) tener asistencia de abogado.[27]

A su vez, se ha establecido que la decisión administrativa debe ser informada con conocimiento y comprensión de la evidencia.[28] Asimismo, se deben efectuar determinaciones de hecho y consagrarse los fundamentos en derecho para la decisión administrativa.[29] De manera que, al momento de considerar si un procedimiento administrativo de tipo adjudicativo cumple con los requisitos constitucionales del debido proceso de ley, hay que analizar los siguientes factores: (1) el interés privado que puede resultar afectado por la actuación oficial; (2) el riesgo de una determinación errónea debido al proceso utilizado y el valor probable de garantías adicionales o distintas; y, (3) el interés gubernamental protegido en la acción sumaria, inclusive los cargos fiscales y administrativos que conllevaría el imponer otras garantías procesales.[30]

**-III-**

El señor Carrión Vázquez acude ante esta Curia y nos solicita la revocación de la *Resolución* del 18 de enero de 2024. Esto, porque la Junta tomó una determinación contraria a derecho in permitirle al recurrente que confrontara la prueba en su contra.

Surge del expediente del recurrente que la Junta le envió carta de Notificación y Citación a las víctimas de los delitos perpetrados por el señor Carrión Vázquez.

---

[27] *Hernández v. Secretario*, 164 DPR 390, 395-396 (2005); *McConnell v. Palau*, 161 DPR 734, 758 (2004).
[28] *López y otros v. Asoc. de Taxis de Cayey*, supra, pág.114; *A.D.C.V.P. v. Tribunal Superior*, supra, pág. 883.
[29] *López y otros v. Asoc. de Taxis de Cayey*, supra, pág. 114.
[30] *Báez Díaz v. E.L.A.,* supra.

Las cartas se enviaron a la última dirección conocida de cada una de las víctimas. Sin embargo, obra en el expediente que el servicio postal devolvió a la Junta, en dos ocasiones, la correspondencia enviada a una de las víctimas con la siguiente anotación: "Return to Sender. No Such Number. Unable to Forward".[31] Por otro lado, la correspondencia enviada a la segunda víctima regresó a la Junta con la siguiente anotación: "Return to Sender. Not Deliverable as Adressed. Uanble to Forward".[32] Surge del expediente que la Junta conservó los sobres devueltos sin realizar ninguna otra gestión para notificar nuevamente a las víctimas del recurrente.

Concluimos que procede revocar la decisión recurrida, pues el señor Carrión Vázquez nos demostró que la misma fue irrazonable y contraria a derecho. La Junta no realizó ningún esfuerzo razonable para contactar a las víctimas y corroborar si en efecto, residen cerca de la residencia propuesta por el recurrente. Nótese, que un esfuerzo razonable tiene el efecto dual de auscultar y notificarles a las víctimas, y a su vez, sirve como un fundamento para aceptar no denegar la solicitud de un probando.

Cabe destacar, que esta prueba no se presentó en la Vista de Consideración del 20 de diciembre de 2023. De manera que, la representación legal del recurrente no tuvo una oportunidad razonable de refutar esa información y de presentar prueba en contrario.

A todas luces, la actuación de la Junta nos parece irrazonable y claramente contradictoria al debido proceso de ley. Si bien es cierto que en el ámbito

---

[31] Apéndice de la Junta, páginas 16 y 19.
[32] Apéndice de la Junta, página 30.

administrativo el debido proceso de ley no es un molde rígido que priva de flexibilidad a las agencias[33], dicha flexibilidad no puede rayar en la dejadez.

Nos parece necesaria la revocación del caso de epígrafe y su devolución para que la Junta realice una vista evidenciara en torno a la viabilidad de la vivienda propuesta por el recurrente.

**-IV-**

Por los fundamentos expuestos, se *revoca* la determinación de la Junta y se devuelve el caso para que se realice una vista evidenciara sobre la viabilidad de la vivienda propuesta.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[33] *López Vives v. Policía de P.R.*, *supra*.