Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| KRAZY FIRE LOUNGE<br><br>Recurrente<br><br>v.<br><br>OFICINA DE PERMISOS MUNICIPIO DE SAN JUAN<br><br>Recurrida | KLRA202500353 | *Revisión Administrativa* procedente de la Oficina de Permisos, Municipio de San Juan<br><br>Sobre: Reconsideración de Multa<br><br>Solicitud Núm. 18OP-49201QU-GP<br><br>Boleto Núm. 002760 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 10 de octubre de 2025.

El recurrente, Krazy Fire Lounge, comparece ante nos para que dejemos sin efecto la determinación emitida por la Oficina de Permisos del Municipio Autónomo de San Juan (OPMSJ), el 15 de mayo de 2025. Mediante la misma, el referido organismo declaró *No Ha Lugar* la *Solicitud de Reconsideración de Multa Administrativa* presentada por la parte recurrente.

Por los fundamentos que expondremos a continuación, se confirma la resolución administrativa recurrida.

**I**

El 16 de febrero de 2025, el Inspector Erick Martínez de la OPMSJ emitió la Multa Administrativa Núm. 002760, por la cantidad de dos mil dólares ($2,000.00) contra Krazy Fire Lounge. Surge del referido boleto que se imputó, que la parte recurrente operaba la barra como uso principal, en violación de los Artículos 1.3; 9.12(a); y 14.13(a) de la Ley para la Reforma del Proceso de

Número Identificador

SEN2025 _____

Permisos de Puerto Rico, Ley Núm. 161 de 1 de diciembre de 2009, 23 LPRA secs. 9011, 9019k y 9024l.

Por no estar de acuerdo con la multa impuesta, el 19 de febrero de 2025, la parte recurrente presentó una *Solicitud de Reconsideración de Multa Administrativa*.[1] En la misma alegó que, desde diciembre del año 2024, se encontraba realizando un proceso para enmendar el permiso de uso de la localidad, para añadir la operación de una "barra" al referido permiso.

Así las cosas, el 24 de febrero de 2025 fue acogida la antedicha *Solicitud de Reconsideración de Multa Administrativa* y se le citó a la parte recurrente a una vista administrativa, la cual fue señalada para el 26 de marzo de 2025.

Llegado el día, se celebró la vista administrativa presidida por la Oficial Examinadora, licenciada Rosemary Borges Capó. A la misma compareció la parte recurrente, la señora Michelle Meléndez y su representación legal, la licenciada Leonor Porrata Doria.

Luego de celebrados los procedimientos y tras examinar la totalidad de la prueba presentada, la Oficial Examinadora rindió su correspondiente Informe. En el mismo concluyó que la parte recurrente operaba el negocio Krazy Fire Lounge con un uso distinto al autorizado en su permiso de uso. Se hizo alusión a los Artículos 9.12(a) de la Ley Núm. 161-2009, y a la Regla 1.6.7 del *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios*, Reglamento Núm. 9473 del 16 de junio de 2023 (Reglamento Conjunto). En el *Informe de la Oficial Examinadora* se consignó que, durante la vista administrativa, la parte peticionaria compareció asistida de su representación legal y contó con la oportunidad de presentar evidencia y examinar el expediente, el cual incluía el Informe de

---

[1] Apéndice del recurso, pág. 119.

Investigación y las fotografías tomadas el día de la intervención, esto es, el 16 de febrero de 2025. Según se desprende del aludido escrito, la parte peticionaria no presentó evidencia que contrarrestara las observaciones vertidas en el *Informe de Inspección.* Huelga destacar que del referido Informe surge que la señora Michelle Meléndez admitió haber recibido copia del expediente relacionado con el Boleto de Multa Núm. 002760.

A la luz de tales hallazgos, y luego de aludir a las disposiciones reglamentarias que rigen las facultades del organismo administrativo recurrido, la Oficial Examinadora recomendó declarar *No Ha Lugar* la *Solicitud de Reconsideración de Multa Administrativa.* En atención a ello, mediante *Resolución* sobre *Solicitud de Reconsideración a Multa Administrativa,* notificada el 15 de mayo de 2025, la Oficina de Permisos del Municipio de San Juan acogió en toda su extensión la recomendación antes referida. Consecuentemente, declaró *No Ha Lugar* la *Reconsideración de Multa Administrativa* impuesta.

Inconforme, el 12 de junio de 2025 la parte recurrente compareció ante nos mediante el presente recurso de revisión administrativa. En el mismo expone los siguientes señalamientos de error:

> Erró en derecho la Oficina de Permisos del Municipio de San Juan al no evaluar la prueba presentada el día de la vista administrativa.
>
> Erró en derecho la oficina de Permisos del Municipio de San Juan al usar evidencia secreta en su toma de decisión que nunca estuvo a disposición de la Parte Recurrente.
>
> Erró en derecho la Oficina de Permisos del Municipio de San Juan pues las Determinaciones de Hechos Núm. 10 y la Conclusión de Derecho Núm. 19 son nulas, pues se fundamentaron sobre prueba no presentada el día de la vista administrativa.
>
> Erró en derecho la Oficina de Permisos del Municipio de San Juan al declarar No Ha Lugar la *Solicitud de Reconsideración a Multa Administrativa* del Número de Trámite 18OP-49201QU-GP sobre el Boleto de Multa

Número 002760. El Boleto de Multa es ilegal, el proceso para esto viola el Artículo 1.3 de la Ley 161-2009, y la Sección 11.2.3.4(c).

**II**

**A**

La Ley Para la Reforma del Proceso de Permisos de Puerto Rico, Ley 161-2009, 23 LPRA sec. 9011, *et seq*, constituye el marco legal y administrativo que rige los procesos de solicitud, evaluación, concesión y denegación de permisos por el Gobierno de Puerto Rico. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 236 (2014). Su objetivo es la transformación del sistema de permisos en Puerto Rico, a fin de que resulte en uno más transparente, ágil, confiable y eficiente. Exposición de Motivos, Ley 161-2009, *supra*. De igual modo, provee una estructura para la evaluación y otorgamiento de permisos cónsono con las leyes y reglamentos aplicables, todo a los efectos de establecer un equilibrio entre el desarrollo económico, la protección de los recursos naturales y la protección del derecho al disfrute de la propiedad. *Íd.*

En cuanto a su *alcance*, el Artículo 1.3 de la Ley núm. 161-2009, dispone lo siguiente:

> Las disposiciones de esta Ley serán de aplicación a toda persona, natural o jurídica que solicite o interese solicitar: (a) determinaciones finales y permisos para proyectos de construcción y usos de terrenos y certificaciones en Puerto Rico; (b) licencias, permisos, certificaciones o documentos de agencias o entidades gubernamentales requeridos para la tramitación y expedición de licencias o permisos para realizar u operar negocios en Puerto Rico, tales como, pero sin limitarse a: certificaciones de deudas, certificados de antecedentes penales, certificados de existencia o de autorización para hacer negocios en Puerto Rico y certificados de cumplimiento ("Good Standing"), y cualesquiera otras requeridas por las agencias concernidas. Sujeto a lo dispuesto en el Artículo 18.10, las disposiciones de esta Ley donde así se establezca, aplicarán a aquellos Municipios que, a la fecha de aprobación de esta Ley, hayan obtenido un convenio de delegación con jerarquía de la I a la V, según lo dispuesto en la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, conocida como "Ley de Municipios Autónomos de Puerto Rico". También aplicará, donde así lo

establezca las disposiciones de esta Ley, a aquellos municipios que adquieran en el futuro la jerarquía de la I a la V, con sujeción a los términos y condiciones de las delegaciones de competencias contenidas en dicho convenio y sujeto a lo dispuesto en la Ley de Municipios Autónomos. Además, los Municipios Autónomos con convenio de delegación de competencia y transferencia de jerarquía de la I a la V, tendrán total exclusividad para otorgar determinaciones finales y permisos, según establecido en su correspondiente convenio de delegación. 23 LPRA sec. 9011

En lo pertinente a la controversia que nos ocupa, la Ley Núm. 161-2009, *supra,* junto con el *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios*, Reglamento Núm. 9473 del 16 de junio de 2023, regulan el proceso de solicitud, evaluación, concesión y denegación del "Permiso Único". Este se define como el "[p]ermiso para el inicio o continuación de la operación de un negocio, construcción y/o actividad incidental al mismo en el que se consolida permisos, licencias, autorizaciones o certificaciones". 23 LPRA sec. 9011(59A).

Por su parte, el inciso (a) del Artículo 9.12 de la Ley núm. 161-2009, *supra,* dispone que: "(a) **Todo uso**, construcción, reconstrucción, alteración, demolición, traslado de edificios en Puerto Rico, instalación de facilidades, subdivisión, desarrollo, urbanización de terrenos, **será previamente aprobado y autorizado por la Oficina de Gerencia, Municipios Autónomos con jerarquía de la I a la V** o por un Profesional Autorizado, según aplique, en cumplimiento con las disposiciones legales aplicables." 23 LPRA sec. 9019k.

Así también, el inciso (a) del Artículo 14.13 de la Ley Núm. 161-2009, *supra,* establece que La Junta de Planificación o los Municipios Autónomos con Jerarquía de la I a la V tienen la facultad de expedir multas administrativas a cualquier persona, natural o jurídica, que, entre otros, lleve a cabo lo siguiente:

    (a) **Infrinja esta Ley**, la Ley Núm. 75 del 24 de junio de 1975, según enmendada, conocida como "Ley Orgánica de la Junta de Planificación", el **Reglamento Conjunto**, los permisos o las condiciones de los permisos expedidos al amparo de la misma, los Reglamentos de Planificación o cualquier otra ley aplicable. Las multas administrativas **no excederán** de cincuenta mil (50,000) dólares por cada infracción, entendiéndose que cada día que subsista la infracción se considerará como una violación independiente.
23 LPRA sec. 9024L.

**B**

Por otra parte, es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank,* 2024 TSPR 70, 214 DPR ___ (2024); *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 2024 TSPR 29, 214 DPR ___ (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.

Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.

Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la razonabilidad de la actuación del

organismo. *Rolón Martínez v. Supte. Policía,* supra, pág. 35. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por evidencia sustancial que surja de la totalidad del expediente administrativo. *Vázquez et al v. DACo*, 2025 TSPR 56, 216 DPR ___ (2025); *Otero v. Toyota*, 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias*, 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra, pág. 36; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 128 (2019).

Ahora bien, esta regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Jusino Rodríguez v. Junta de Retiro,* supra; *Otero Rivera v. USAA Fed. Savs. Bank,* supra; *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra; *Costa Azul v. Comisión,* 170 DPR 847, 852 (2007).

Por su parte, nuestro máximo Foro ha expresado que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales". *Vázquez et al v. DACo,* supra. Por tanto, al revisar las conclusiones de derecho que hace una agencia, nuestro Tribunal Supremo ha enfatizado que estas serán revisables en todos sus aspectos. *Íd.* Por lo cual, a pesar de que la

interpretación de una agencia merece un grado de respeto, dicho cortesía no equivale a que los foros apelativos opten por renunciar a su función revisora. *Íd.*

**C**

Finalmente, sabido es que el debido proceso de ley se define como el "derecho de toda persona a tener un proceso justo y con todas las garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo". *Aut. Puertos v. HEO*, 186 DPR 417, 428 (2012). Esta gracia fundamental "[...] encarna la esencia de nuestro sistema de justicia". *López y otros v. Asoc. de Taxis de Cayey*, 142 DPR 109, 113 (1996). La misma opera en dos vertientes: la sustantiva y la procesal. *U. Ind. Emp. A.E.P. v. A.E.P.,* 146 DPR 611, 616 (1998). La dimensión sustantiva tiene la finalidad de salvaguardar los derechos fundamentales de la persona. *Íd.* Por su parte, en el ámbito procesal, el debido proceso de ley "le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y de propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo". *Íd.*

En lo atinente a la materia que nos ocupa, el debido proceso de ley, en su vertiente procesal, se extiende al ejercicio de las facultades adjudicativas delegadas a las agencias, esto por su intervención directa con intereses de estirpe constitucional. *Almonte et al. v. Brito,* 156 DPR 475, 481 (2002). La *adjudicación* constituye el procedimiento mediante el cual una agencia determina los derechos, obligaciones o privilegios que corresponden a una parte. Sección 1.6 (b), Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, 3 LPRA sec. 9603 (b). De este modo, la ejecución de la referida garantía necesariamente debe propender al ejercicio de un proceso uniforme para todos los involucrados.

Sobre ello, la Ley 38-2017, *supra,* incorpora en sus disposiciones los criterios necesarios para imprimir legalidad a los procesos administrativos de adjudicación. En particular, la sección 3.1 (a) del aludido estatuto, así como la jurisprudencia interpretativa pertinente, reconocen a todas las partes en un procedimiento adjudicativo las siguientes garantías mínimas del debido proceso de ley en su vertiente procesal: a) notificación adecuada de los cargos o querellas o reclamos contra las partes; b) derecho a presentar evidencia; c) derecho a una adjudicación imparcial y; derecho a que la decisión sea basada en el expediente. 3 LPRA sec. 9641 (a); *Álamo Romero v. Adm. de Corrección,* 175 DPR 314, 329 (2009); *Almonte et al. v. Brito*, supra, pág. 482.

Las antedichas salvaguardas constituyen el medio para asegurar que un organismo administrativo tenga ante sí todos los elementos de juicio necesarios para emitir una decisión adecuada. Por igual, conforme al entendido doctrinal aplicable, sirven para erradicar cualquier manifestación de arbitrariedad administrativa en el ejercicio de las funciones de adjudicación. *López y otros v. Asoc. de Taxis de Cayey*, supra, pág. 113. En materia de derecho administrativo, el debido proceso de ley no tiene la misma rigidez que en los procedimientos penales. *Báez Díaz v. E.L.A.*, 179 DPR 605, 623 (2010). No obstante, el estado de derecho reconoce que el procedimiento adjudicativo pertinente, debe de ser uno justo y equitativo para todas las partes involucradas. *Íd.*

### III

En la presente causa, la parte recurrente, en esencia, sostiene que la Oficina de Permisos del Municipio de San Juan incidió al fundamentar su determinación en evidencia que nunca estuvo disponible para su examen y al acoger determinaciones de hecho y conclusiones de derecho basadas en elementos que, según alega, no se ventilaron durante el procedimiento. Asimismo, impugna la

validez del Boleto de Multa Núm. 002760 y del trámite administrativo que le dio origen, por entender que ambos vulneran las disposiciones de la Ley Núm. 161-2009, *supra*. Habiendo entendido sobre los referidos señalamientos, a la luz del derecho aplicable y de los hechos establecidos, resolvemos confirmar la resolución administrativa recurrida.

Un examen detenido de los documentos que componen el expediente ante nuestra consideración, particularmente de la Transcripción de la Prueba Oral, nos conduce a concluir que no se configuran las circunstancias que justificarían la intervención revisora de este Tribunal. A nuestro juicio, la actuación de la OPMSJ respondió a un ejercicio prudente y razonable de apreciación de prueba, dentro del marco de sus facultades legales, y se ajustó a una correcta interpretación y aplicación del derecho pertinente a la controversia de autos.

Por estar íntimamente relacionados los señalamientos de error, discutiremos en conjunto, al igual que la parte recurrente, los primeros tres señalamientos.

Tal cual expusiéramos, la Ley Núm. 38-2017, *supra*, así como la jurisprudencia interpretativa aplicable, reconoce a toda parte en un procedimiento adjudicativo las garantías mínimas del debido proceso de ley en su vertiente procesal: (a) notificación adecuada de los cargos o querellas formuladas; (b) derecho a presentar evidencia; (c) derecho a una adjudicación imparcial; y (d) derecho a que la decisión se base en el expediente administrativo. 3 LPRA sec. 9641(a); *Álamo Romero v. Adm. de Corrección*, supra, pág. 329; *Almonte et al. v. Brito*, supra, pág. 482.

Al remitirnos a la prueba que obra ante nuestra consideración, observamos que el trámite seguido por la Oficina de Permisos del Municipio de San Juan cumplió cabalmente con los parámetros del debido proceso de ley aplicables. De entrada, del

Boleto de Multa Núm. 002760 surge que la parte recurrente fue debidamente notificada de la disposición legal infringida, satisfaciendo el requisito esencial de notificación previa y adecuada de las imputaciones.

Asimismo, una vez radicada la *Solicitud de Reconsideración de Multa Administrativa*, el organismo concedió la correspondiente vista administrativa, en la que la señora Michelle Meléndez compareció personalmente asistida de su representación legal, la licenciada Leonor Porrata Doria. Ello acreditó el cumplimiento del segundo pilar del debido proceso de ley: el derecho a ser oída y a presentar evidencia en apoyo de su posición.

Contrario a lo argüido por la parte recurrente, surge de la *Transcripción de la Vista Administrativa* y el *Informe de la Oficial Examinadora*, que esta tuvo acceso al expediente administrativo antes de la celebración de la vista, el cual contenía el Informe de Inspección preparado por el inspector Erick Martínez el 18 de febrero de 2025, así como las fotografías tomadas el día de la intervención. Dicho acceso garantizó la posibilidad real y efectiva de examinar la totalidad de la prueba sometida y refutarla en el procedimiento adjudicativo. Así pues, carece de mérito la alegación de que se utilizaron pruebas secretas o no disponibles al momento de la determinación.

Por otro lado, la Oficial Examinadora, en el ejercicio de las facultades adjudicativas conferidas por la Ley Núm. 161-2009, *supra*, evaluó la totalidad de la prueba obrante en el expediente y concluyó que al momento de la intervención, la parte recurrente operaba un negocio bajo un uso distinto al autorizado en su permiso. Su determinación, sustentada en la evidencia debidamente incorporada al expediente, constituye un ejercicio legítimo de apreciación de prueba y aplicación de la normativa aplicable.

En su último señalamiento de error, la parte recurrente plantea que la Oficina de Permisos del Municipio de San Juan incurrió en error al declarar *No Ha Lugar* la *Solicitud de Reconsideración de Multa Administrativa*, por alegadamente violar el Artículo 1.3 de la Ley Núm. 161-2009, *supra*, y la Sección 11.2.3.4(c) del Reglamento Conjunto. En particular, aduce que la Conclusión de Derecho Núm. 19 y la Determinación de Hecho Núm. 10 del *Informe de la Oficial Examinadora* ponen al descubierto una "flagrante violación al debido proceso de ley". No obstante, del examen del expediente administrativo se desprende que tal planteamiento carece de sustento. Resulta preciso destacar que en el referido Informe no existe una Conclusión de Derecho Núm. 19. En cuanto a la Determinación de Hecho Núm. 10, la misma expresa que "[e]n el expediente administrativo surge un Informe de Investigación con fecha de 18 de febrero de 2025 preparado por el inspector Erick Martínez". De la *Transcripción de la Vista de Reconsideración* —en la página 12— se desprende que el mencionado Informe de Investigación formaba parte del expediente y que fue debidamente provisto a la parte recurrente para su examen. En consecuencia, justipreciamos que no se configura el alegado error.

Conviene recordar que la función revisora de este foro se circunscribe a determinar si la resolución impugnada resulta razonable a la luz de la prueba que obra en el expediente administrativo. Así pues, compete a la parte que impugna la determinación identificar evidencia capaz de derrotar la presunción de corrección que cobija las actuaciones de la agencia. En el caso de autos, la parte recurrente no señaló la existencia de prueba alguna que invalide la eficacia del pronunciamiento cuestionado. Por el contrario, de la *Solicitud de Reconsideración de Multa Administrativa* incoado por la parte recurrente, surge su

reconocimiento de que operaba una barra como uso principal, sin contar con el permiso correspondiente, en abierta contravención del Artículo 9.12(a) de la Ley Núm. 161-2009, *supra*. Así pues, la prueba que obra en el expediente que nos ocupa sostiene la corrección de la función adjudicativa desplegada, ello a tenor con los hechos establecidos y el derecho aplicable a los mismos. Por tanto, resulta forzoso sostener lo resuelto.

**IV**

Por los fundamentos que anteceden, se confirma la *Resolución* administrativa recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones